DECISION AND JUDGMENT ENTRY
This matter is before the court on appeal from the Lucas County Court of Common Pleas.
On March 12, 1999, appellee, John Martinez, was indicted on one count of having a weapon while under a disability, a violation of R.C. 2923.13
and a felony of the fifth degree. On April 5, 1999, appellee filed a motion to suppress all evidence seized as a result of a search conducted at his home. Specifically, appellee challenged the sufficiency of the affidavit submitted in support of the search warrant. On May 21, 1999, the trial court granted appellee's suppression motion. The state of Ohio now appeals setting forth the following assignment of error:
 "I. THE TRIAL COURT ERRONEOUSLY GRANTED APPELLEE'S MOTION TO SUPPRESS."
The state contends that the trial court erred in concluding that the affidavit amounted to a "bare bones" affidavit similar to the one reviewed in State v. Bean (1983), 13 Ohio App.3d 69.
Crim.R. 41 (C) states in pertinent part:
 A warrant shall issue under this rule only on an affidavit or affidavits sworn to before a judge of a court of record and establishing the grounds for issuing the warrant. The affidavit shall name or describe the person to be searched or particularly describe the place to be searched, name or describe the property to be searched for and seized, state substantially the offense in relation thereto, and state the factual basis for the affiant's belief that such property is there located. If the judge is satisfied that probable cause for the search exists, he shall issue a warrant identifying the property and naming or describing the person or place to be searched. The finding of probable cause may be based upon hearsay in whole or in part, provided there is a substantial basis for believing the source of the hearsay to be credible and for believing that there is a factual basis for the information furnished."
The validity of the search warrant must be determined solely from the contents of the affidavit. State v. Yanowitz
(1980), 67 Ohio App.2d 141, 144. An appellate court may draw reasonable, common sense inferences from the facts alleged in the supporting affidavit. State v. Bean (1983), 13 Ohio App.3d 69,72. However, other facts beyond those in the affidavit may not be inferred as gap-fillers to bolster a determination of probable cause. Id. at 73.
The defendant in Bean, supra, was convicted of running a brothel. (Procuring, R.C. 2907.23) On appeal, she challenged the sufficiency of the affidavit in support of the search warrant that led to her arrest. The affidavit read as follows:
 "This affiant officer has worked in the area of prostitution and assorted offenses as defined in the ORC pursuant to Section 2907.00 [sic] and in the course of this affiant's experiences, records to include ledgers [sic], customers identities [sic], appointment books and other standard forms used to support prostitution activity as well as instrumentalities used in acts of prostitution are consistent [sic] in this type of illegal enterprise.
 "This affiant has been involed [sic] in the arrest and conviction of over 200 prostitutes in the past five years and has worked in the undercover capacity on brothel investigations on over ten occasions.
 "On 11/25/82, prostitution warrants were issued by Officer Lonnie Wade for activities that occurred at the Fugi Health Club, 5142 Ryan Rd., Toledo, Lucas County, Ohio.
 "On 11/29/82, a prostitution warrant was issued by Det. Carl Schliesser for activities which occurred at the Fugi Health Club, 5142 Ryan Rd., Toledo, Lucas County, Ohio.
 "These prostitution warrants are for employees of the Fugi Health Club, 5142 Ryan Rd., Toledo, Lucas County, Ohio, in which money was exchanged for the illegal sexual activity."
This court, in Bean, concluded that based on the foregoing allegations, the affidavit did not contain facts sufficient to allow a reasonable inference of probable cause to search. The court explained that "in cases where the affiant-officer is seeking a search warrant based on information purportedly acquired by him, and not obtained through an informant, the officer's personal knowledge and first-hand observations are the sine qua non for probable cause to search. Id
at 74-75. The Bean affidavit contained no allegations that the affiant-officer personally observed any of the objects for which the search warrant was sought. Nor did the affidavit allege that the affiant-officer either was solicited or observed a sex-for-hire transaction. The court also found no merit to the allegations that two arrest warrants had previously been issued for two of the defendant's employees. The affidavit contained no personal observations from the officers who served the warrants. Moreover, the arrest warrants were obtained two weeks before the search warrant. The court aptly noted that "* * * past probable cause to arrest does not supply present probable cause to search * * *" Id at 75.
The affidavit in the instant case reads as follows:
 "* * * Detective D. Poole #2105 Metro Drug Task Force, * * * says he has reason to believe that on the person/premises known as 339 W. Manhattan a single-family white with a red, brick porch * * * occupied by: [appellant] * * *, Christina M. Campbell * * * and unknown males and females. [T]here is now being concealed certain property, namely: controlled substances, namely, Marijuana a Schedule 1 drug. Any tools, instruments, equipment, paraphernalia or weapons, used to manufacture, store, process, protect, or sell drugs of abuse. * * *
 "The facts tending to establish the foregoing grounds for issuance of a search warrant are as follows, to wit: This detective has been receiving information concerning the narcotics trafficking activity of John A. Martinez a.k.a. Chofo for the last several months.
 "During surveillance conducted at 339 W. Manhattan on multiple occasions, this detective has identified [appellant] and Christina Campbell entering and exiting the residence. Utility bills at 339 W. Manhattan are registered to Christina Campbell.
 "On June 16, 1998, both [appellant] and Campbell were stopped for a traffic violation and marijuana was found in their vehicle.
 "Late in July 1998, this detective obtained evidence from 339 W. Manhattan which included mail to that address and a substance which field tested positive for the presence of marijuana.
 "On or about September 18, 1998, this affiant obtained evidence from 339 W. Manhattan which included paperwork with the names Christina Campbell and [appellant] and the address of 339 W. Manhattan. Included in this evidence were several seeds and stems that appeared to be marijuana. A field test of this substance returned a positive result for the presence of marijuana.
 "This affiant has been a police officer for the city of Toledo for almost five years, has been a narcotics investigator for over one year, and has been assigned to the Metro Drug Task Force since January of 1998. As a narcotics investigator, this affiant has investigated and assisted the investigation of multiple cases which have lead to the seizure of large quantities of controlled substances and the forfeiture of thousands of dollars. This affiant has previously executed at least fifty search warrants and assisted in the execution of more than two hundred."
The affiant vaguely asserts that he had received information regarding the drug trafficking activity of appellee. However, the affiant provides no information on his relationship with or the veracity of this unknown informant. It is not even clear from the affidavit whether or not the information came from one source or many sources. Moreover, the affiant provides no details of appellee's alleged drug trafficking such as his participation in a controlled drug purchase. In sum, the above affidavit contains conclusory assertions without supporting facts to constitute probable cause. Accordingly, appellant's sole assignment of error is found not well-taken. On consideration whereof, the court finds that substantial justice has been done the party complaining, and the judgment of the Lucas County Common Pleas Court is affirmed. Costs assessed to appellant.
JUDGMENT AFFIRMED.
 _______________________________ Melvin L. Resnick, J.
 _______________________________ James R. Sherck, J.
 _______________________________ Mark L. Pietrykowski, J.
CONCUR.